UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SCF RC FUNDING 1, LLC,

                            Plaintiff,                        19-cv-3292 (DLI)(SMG)

       -against-

GK MANAGEMENT, INC.; GKRM, INC., JAMES D.
GRAVES and ARCH INSURANCE GROUP, INC.,

                            Defendants.
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

LAZER, APTHEKER, ROSELLA & YEDID, P.C.
*Attorneys for Defendants*
*GK Management, Inc., GKRM, Inc., James D. Graves*
225 Old Country Road
Melville, New York 11747
(631) 761-0800

Served: October 3, 2019

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

BACKGROUND .................................................................................................................................... 1

ARGUMENT .......................................................................................................................................... 4

    I.    PLAINTIFF HAS NOT ESTABLISHED THAT THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS DISPUTE ...................................................................................... 4

    II.   THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE GK DEFENDANTS ........ 4

        A.  Legal Standard ........................................................................................................... 4

        B.  There Is No Basis for Person Jurisdiction Under New York's General Personal Jurisdiction Statute ....................................................................................... 5

        C.  There Is No Basis for Person Jurisdiction Under New York's Long Arm Statute ....... 6

           1.  Transacts Any Business ........................................................................................ 7

           2.  Commits a Tortuous Act Within the State ........................................................... 8

           3.  Commits a Tortious Act Without the State Causing Injury to Person or Property Within the State ..................................................................................... 8

           4.  Owns, Uses or Possesses Any Real Property Situated Within the State ............. 9

CONCLUSION ....................................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 31 (2d Cir.1996) ............. 7

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 787 (2d Cir. 1999) .. 7, 8

Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC,
   692 F.3d 42, 49 (2d Cir. 2012) ................................................................................................ 4

CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986) ............................................... 7

Fisher v. Int'l Student Exch., Inc., 38 F. Supp. 3d 276, 280–81 (E.D.N.Y. 2014) ......................... 4

In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) .............................. 4

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ........................................ 4

Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir.1990) ................................................................... 8

Morsy v. Pal-Tech, Inc., 2008 WL 3200165, at *1 (S.D.N.Y. Aug. 7, 2008) ............................... 7

O'Keefe v. Blue & Gold Fleet L.P., 634 F.Supp.2d 284, 286 (E.D.N.Y. 2009) ............................ 5

Patel v. Patel, 497 F.Supp.2d 419, 424 (E.D.N.Y. 2007) ............................................................. 5

Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006) ................................................................. 5

Villanova v. Harbilas, 2010 WL 1640187, at *2 (S.D.N.Y. Apr. 12, 2010) .......................... 4, 5, 8

Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 94 (2d Cir. 2000) .......................................... 5

**Other Authorities**

CPLR § 301 ............................................................................................................................ 5, 6, 9

CPLR § 301, 2001 Practice Commentaries C301:2–C301:10) ..................................................... 5

CPLR § 302 .................................................................................................................................... 9

CPLR § 302(a) ........................................................................................................................... 6, 8

CPLR § 302(a)(3) .................................................................................................................. 9

CPLR § 302(a)(4) .................................................................................................................. 9

CPLR 302(a)(1) ..................................................................................................................... 7

Fed.R.Civ.P. 12(b)(2) ............................................................................................................. 4

## PRELIMINARY STATEMENT

Defendants GK Management, Inc. ("GK Management"), GKRM, Inc. ("GKRM"), and James D. Graves ("Graves," and collectively "GK Defendants") have no business or other ties to the state of New York. Their business, operating Long John Silver's and A&W Restaurant locations in South Carolina, Georgia and California is unquestionably local to those states. The corporate defendants are Georgia corporations, and Graves is a Georgia resident. Moreover, the lease that is the subject of this litigation is wholly unrelated to the state of New York. In fact, the lease itself contains a choice of law provision designating Arizona law as controlling, and a venue provision declaring Scottsdale, Arizona as a proper venue for any disputes arising under the lease. Simply put, there is no basis for personal jurisdiction against the GK Defendants, and this case was apparently commenced in this venue for no purpose other than to harass the GK Defendants and multiply the cost and expense of defending this action. Finally, dismissal is proper because Plaintiff has failed to meet the threshold issue of establishing that this Court has subject matter jurisdiction over this lease dispute.

## BACKGROUND

The GK Defendants are in the restaurant business. (See Compl.[1] ¶ 7.) As alleged in the Complaint, GK Management was a corporation formed under the laws of the state of Georgia (Compl. ¶ 6; Graves Aff.[2] ¶ 7.) Likewise, GKRM is a Georgia corporation, and following GK Management's bankruptcy, it became the successor in interest to GK Management's leasehold interest in the property that is at the center of this litigation. (Graves Aff. ¶¶ 7, 8.) Graves is GKRM's sole owner and serves as its Chief Executive Officer. (Graves Aff. ¶ 6.)

GKRM, as lead by Graves, operates several restaurant locations, none of which are

---

[1] "Compl." refers to the Complaint.

[2] "Graves Aff." refers to the Affidavit of James D. Graves, filed in support of GK Defendants' Motion to Dismiss.

1

located in the state of New York.[3] (See Compl. ¶ 6.) GKRM, like its predecessor, GK Management, is based out of Braselton, Georgia, where Graves resides. (Graves Aff. ¶¶ 2, 7.) None of the GK Defendants operates a business, whether a restaurant location or otherwise, located in the state of New York. (Graves Aff. ¶ 4.)

At issue in this case is one of GKRM's Long John Silver's restaurants, located at 2617 Deans Bridge Road, Augusta, Georgia 30906. (See Compl. ¶ 10.) This particular location, along with a second location in 2000 Watson Blvd., Warner Robins, Georgia 30906, were the subject to a commercial lease (the "Master Lease") dated April 21, 2008, between GE Capital Franchise Finance Corporation ("GE CFFC"), as lessor, and GK Management, as lessee. (Graves Aff. ¶ 8.) At that time, Graves was a 50% owner of GK Management and was serving as its Chief Financial Officer. (Graves Aff. ¶ 5.) Further, Graves was the person responsible for negotiating the Master Lease with GE CFFC on GK Management's behalf. (Graves Aff. ¶ 11.)

During this period of negotiation, Graves operated out of his office in Braselton, Georgia, and spoke with several representatives of GE CFFC, some of whom were based in Scottsdale, Arizona and others out of Chicago, Illinois. (Graves Aff. ¶¶ 11, 17.) At no time did Graves travel to New York with respect to the negotiation or knowingly interact with anyone from GE CFFC, who was located in New York. (Graves Aff. ¶¶ 18, 19.) Ultimately, GE CFFC and GK Management reached an agreement, and they executed the Master Lease. (Graves Aff. ¶ 10.) Jonathan E. Kneff, GK Management's chief executive officer and 50% owner, signed the Master Lease on GK Management's behalf in Braselton, Georgia. (Graves Aff. ¶ 12.)

Thereafter, GK Management entered bankruptcy, and Graves formed GKRM, which he

---

[3] In the Complaint, Plaintiff alleges that GKRM operates twenty-five restaurants in Georgia, South Carolina, and California, but this allegation is incorrect. Prior to its bankruptcy, GK Management operated approximately twenty-five restaurants in those three states, but after GKRM assumed operation of those locations, the number of locations was reduced to ten, all in Georgia. This dispute of fact, however, is not relevant for the purposes of this motion.

2

wholly owns. (Graves Aff. ¶¶ 5, 6.) Through the bankruptcy, GKRM became GK Management's successor in interest to GK Management's rights to the properties that are the subject of the Master Lease. (Graves Aff. ¶ 8.) To that end, on February 7, 2014, GE CFFC[4] and GKRM entered into a First Master Lease Amendment and Guarantor Ratification, with Graves executing on behalf of GKRM as its Chief Executive Officer (the "Amendment"). (Graves Aff. ¶ 13.) As before, this Amendment was negotiated by Graves from his office in Braselton, Georgia. (Graves Aff. ¶ 14.)

In its Complaint, Plaintiff alleges that GK Defendants were obligated under the terms of the Master Lease and Amendment "to designate the lessor, and all of the lessor's respective successors and assigns as additional insureds on all liability insurance policies covering the Deans Bridge Property." (Compl. ¶ 15.) Moreover, "in the event of a casualty, all awards, compensation, or damages are obligated to be paid to the lessor." (Compl. ¶ 16.) Based on these requirements, Plaintiff has asserted several causes of action arising from a fire that occurred on or about August 2, 2018 at the Deans Bridge Property. Specifically, Plaintiff claims that in their sworn statement to this insurance company, "GKRM, GK Management, and Graves falsely claimed that GKRM was the owner of the Deans Bridge Property, along with also falsely claiming that no other person or persons had any interest or encumbrance on the Deans Bridge Property." (Compl. ¶ 19.) Based on that statement, Plaintiff claims that the insurance company, Arch Insurance, paid the GK Defendants' claim in the amount of $335,683.05 directly to the GK Defendants, rather than to Plaintiff. (Compl. ¶ 20.) Plaintiff claims that the GK Defendants' retaining this payment is in violation of the Master Lease and Amendment. (Compl. ¶ 21.)

---

[4] While Plaintiff alleges that "after the Master Lease was executed, the Lessor sold the Deans Bridge Property to SCF, whereby SCF assumed all of the Lessor's rights under the Master Lease," GK Defendants are not aware of any such sale. While for the purposes of this motion GK Defendants will presume Plaintiff has a legal interest in the Master Lease and Amendment, it is GE CFFC who negotiated and executed the Amendment, not Plaintiff.

3

**ARGUMENT**

I.   **PLAINTIFF HAS NOT ESTABLISHED THAT THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS DISPUTE.**

It is well established that the party seeking to invoke the jurisdiction of the Court must affirmatively demonstrate in its pleading that the case is within the Court's subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Where, as is the case here, the plaintiff premises this Court's jurisdiction solely on diversity of citizenship, the plaintiff must plead the citizenship of each of the parties. Plaintiff, however, has failed to do so. While Plaintiff has pleaded the citizenship of Defendants, it has failed to plead the citizenship of itself. Indeed, as a limited liability company, it takes the citizenship of all of its members. See Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC, 692 F.3d 42, 49 (2d Cir. 2012) (holding that the defendant limited liability company takes the citizenship of each of its members). Plaintiff must therefore plead the citizenship of each of its members in order to make a *prima facie* showing that the Court has diversity jurisdiction over this case.

II.   **THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE GK DEFENDANTS.**

    A.   **Legal Standard**

It is well established that "[o]n a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." See Fisher v. Int'l Student Exch., Inc., 38 F. Supp. 3d 276, 280–81 (E.D.N.Y. 2014) (citing Villanova v. Harbilas, 2010 WL 1640187, at *2, (S.D.N.Y. Apr. 12, 2010); see also In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir.2003) ("On a Fed.R.Civ.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing

that the court has jurisdiction over the defendant."). Moreover, in deciding a motion to dismiss for lack of personal jurisdiction, a court may rely upon materials outside of the pleadings. See Villanova, 2010 WL 1640187, at *2–3.

In resolving this issue, "[t]he breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located." O'Keefe v. Blue & Gold Fleet L.P., 634 F.Supp.2d 284, 286 (E.D.N.Y.2009) (quoting Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006)). Indeed, "[p]ersonal jurisdiction may be exercised over any defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district courts is located." Villanova, 2010 WL 1640187, at *3. "If plaintiff is able to establish a factual predicate for jurisdiction under the laws of the forum state—here, New York—then the court must consider whether the exercise of jurisdiction violates due process." Id. (citing Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 94 (2d Cir. 2000)).

### B. There Is No Basis for Person Jurisdiction Under New York's General Personal Jurisdiction Statute.

N.Y. C.P.L.R. provides, "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." CPLR § 301. "[T]he traditional bases of jurisdiction covered by this rule include physical presence, domicile, consent, and corporate presence by virtue of a defendant 'doing business' in New York." Patel v. Patel, 497 F.Supp.2d 419, 424 (E.D.N.Y.2007) (citing CPLR § 301, 2001 Practice Commentaries C301:2–C301:10).

Here, there is no dispute that Graves is not physically present in New York and none of the GK Defendants is a domicile of this state. Moreover, on the issue of consent, where such consent is often provided in the contract that is the subject of the dispute, neither the Master Lease nor the Amendment memorialize consent to jurisdiction in the state of New York. Rather, the parties specifically consent to venue in Scottsdale, Arizona. (Compl. at Ex. A §15.15 [D.E. 1-

5

1], Ex. B § 20 [D.E. 1-2].) With respect to the final basis, the GK Defendants "doing business" in New York, any argument based on this provision must fail as a matter of law.

While in its Complaint, Plaintiff makes the wholly conclusory allegations that GK Management and GKRM "operated the corporation's affairs out of Hauppauge, New York," (see Compl. ¶¶ 6-7), as Plaintiff's counsel indicated during the parties' conference with the Court, Plaintiff's allegation is based on an insurance form, where notice under the policy was to be given to the GK Defendants, "c/o Process, Inc.," at Process Inc.'s Hauppauge, New York address. While it is not clear how Plaintiff intends to argue that the Court has personal jurisdiction over the GK Defendants, at this point it appears that their claim will be based on GK Defendants' independent business relationship with Process Inc., an entirely separate entity, not the factually erroneous claim that the GK Defendants are actually operating out of the state of New York. Consequently, as the GK Defendants are not regularly doing business in the state of New York, they cannot be subject to New York's general jurisdiction statute as a matter of law.

### C. There Is No Basis for Person Jurisdiction Under New York's Long Arm Statute.

Where CPLR § 301 does not apply, New York's long-arm statute provides for personal jurisdiction over nondomiciliaries under certain circumstances. See CPLR § 302(a). Specifically, it provides:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

6

>> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
>> 4. owns, uses or possesses any real property situated within the state.

None of these sections, however, apply to this case.

### *1.* *Transacts Any Business*

"A nondomiciliary transacts business under CPLR 302(a)(1) when he purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). In making this determination, New York courts "must look at the totality of circumstances concerning the party's interactions with, and activities within, the state." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 787 (2d Cir. 1999). In addition, courts "require a 'substantial nexus' between the business transacted and the cause of action sued upon." Morsy v. Pal-Tech, Inc., 2008 WL 3200165, at *1 (S.D.N.Y. Aug. 7, 2008) (quoting Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 31 (2d Cir.1996)).

Here, the GK Defendants' only relation to New York is that they hired an independent company -- who happens to be based out of Hauppauge, New York -- to provide business administration services, such as payroll and bookkeeping. Indeed, far from the "substantial nexus" required by New York law, Plaintiffs are arguing for jurisdiction based on happenstance. There is, however, simply no relationship between Process Inc.'s payroll and bookkeeping services and Plaintiff's allegations of insurance fraud, and as a consequently, the GK Defendants

7

business relationship with Process Inc. cannot establish personal jurisdiction as a matter of law. To hold otherwise would extend New York's jurisdiction almost without limit, simply based on Wall Street's business relationships throughout the world. Clearly, such would be an absurd result.

### 2. *Commits a Tortuous Act Within the State*

Personal jurisdiction based on the commission of a tortuous act within the state requires "a defendant's physical presence in New York [as] a prerequisite to jurisdiction under § 302(a)(2)." Villanova, 2010 WL 1640187, at *4 (citing Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 790 (2d Cir. 1999) and Feathers v. McLucas, 15 N.Y.2d 443, 460, (1965). Here, there is no dispute that Graves, who signed the insurance claim at issue, lives and was present in the state of Georgia at all relevant times. Because all of the alleged wrongful conduct was taken by the GK Defendants when they were located in Georgia, the alleged tortuous conduct cannot serve a basis for long arm jurisdiction. See Villanova, 2010 WL 1640187, at *4 (hold that because "[p]laintiff has not alleged that the defendant was in New York when he committed any allegedly tortious act. . . the defendant is not subject to personal jurisdiction in New York pursuant to section 302(a)(2)").

### 3. *Commits a Tortious Act Without the State Causing Injury to Person or Property Within the State*

"[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which caused the injury." Bank Brussels Lambert, 171 F.3d at 791. Further "[t]he situs of the injury is the location of the original event, which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff," Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir.1990). Here, the location of the original event is in Georgia. It is where the

8

Master Lease and Amendment were executed. It is where Grave allegedly made misrepresentations on the insurance forms, and it is where the insurance proceeds were allegedly misdirected. None of the allegations occurred in New York, and consequently, section 302(a)(3) cannot be a basis for jurisdiction.

### 4. *Owns, Uses or Possesses Any Real Property Situated Within the State.*

This provision is of no help to Plaintiff. The GK Defendants own no property in the state of New York. Indeed, the only property that is at issue in located in Georgia. Consequently, section 302(a)(4) cannot be a basis for jurisdiction

### CONCLUSION

For all of the above reasons, Plaintiff has not properly pleaded subject matter jurisdiction, and it cannot establish general personal jurisdiction over the GK Defendants pursuant to CPLR § 301 or long arm jurisdiction pursuant to CPLR § 302. Consequently, the GK Defendants respectfully request that the Court dismiss this action against the GK Defendants for a lack of personal jurisdiction.

Dated: Melville, New York
October 3, 2019

LAZER, APTHEKER, ROSELLA
& YEDID, P.C.

By: */s/ Russell L. Penzer*
RUSSELL L. PENZER
*Attorneys for Defendants*
 *GK Management, Inc., GKRM, Inc.,*
 *James D. Graves*
225 Old Country Road
Melville, New York 11747
Phone: (631) 761-0848
Fax: (631) 761-0726
Email: penzer@larypc.com

9